IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD ANGINO and ALICE ANGINO,** | : | CIVIL ACTION NO. 1:15-CV-438 |
| | : | |
| | : | (Chief Judge Conner) |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **SANTANDER BANK, N.A.,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 2nd day of February, 2016, upon consideration of the complaint (Doc. 1) of plaintiffs Richard Angino and Alice Angino (collectively, the "Anginos"), wherein the Anginos assert various claims against defendant Santander Bank, N.A. ("Santander"), deriving predominately from Santander's alleged failure to accommodate the Anginos' request to modify certain loan documents to include concessions favorable to the Anginos, (id. ¶¶ 1-60), and further upon consideration of the report (Doc. 35) of Chief Magistrate Judge Martin C. Carlson, recommending that the court grant Santander's motion (Doc. 14) brought pursuant to Federal Rule of Civil Procedure 12(b)(6), see FED. R. CIV. P. 12(b)(6), and dismiss the Anginos' complaint (Doc. 1), wherein the magistrate judge opines specifically that: (1) the Anginos' breach of contract claim pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), 12 U.S.C. § 5301 *et seq.*, and the Home Affordable Modification Program ("HAMP"), a federal foreclosure mitigation program, is legally untenable because neither HAMP nor Dodd-Frank creates a private cause of action; (2) the Anginos' breach of contract claim grounded in

"Impossibility under State law" fails because the doctrine of impossibility is not an independent cause of action but rather a defense to contract liability; (3) the Anginos cannot state a claim for breach of the contractual duty of good faith based solely upon Santander's refusal to waive its own contractual rights; (4) the Anginos fail to plead requisite elements of a claim arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; (5) the Anginos fail to state facts demonstrating fraudulent or deceptive acts in support of their claims for common law fraud and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 PA. STAT. AND CONS. STAT. ANN. § 201-1 *et seq.*; and (6) the Anginos' common law claim for intentional infliction of emotional distress fails because the institution of mortgage foreclosure proceedings does not constitute "outrageous" conduct, (see Doc. 35 at 12-31), and the court noting that the Anginos have filed objections (Doc. 36) to the report, see FED. R. CIV. P. 72(b)(2), wherein the Anginos restate many of the same arguments raised in opposition to Santander's underlying Rule 12 motion, and the court further noting that said objections have been fully briefed by the parties, (see Docs. 37-39), and, following a *de novo* review of the contested portions of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)), and applying a clear error standard of review to the uncontested portions, see Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999), the court being in agreement with the Anginos to the limited extent the court finds that the suppositional narrative set forth in the report's introductory paragraphs— pertaining to Richard Angino's professional career and the couple's presumptive

economic ambitions—is without objective support in the Anginos' pleading and must be stricken from the report, but the court otherwise finding Judge Carlson's legal analysis to be thorough, well-reasoned, and fully supported by the record, and thus finding the Anginos' objections to the report's ultimate recommendations to be without merit,[1] and the court concluding that the Anginos' breach of contract claim and intentional infliction of emotional distress claim are legally rather than factually deficient and thus incurable, but otherwise concluding, in answer to the Anginos' implicit plea for leave to amend, (see Doc. 36 at 22; see also Doc. 41), that the

---

[1] One central conclusion warrants further explication. The Anginos hold fast to their contention that several circuit courts, as well as one district court within this circuit, have held that HAMP and Dodd-Frank together support their private cause of action. (See Doc. 36 at 14-15, 21-22 (citing Corvello v. Wells Fargo Bank, N.A., 728 F.3d 878 (9th Cir. 2013); Young v. Wells Fargo Bank, N.A., 717 F.3d 224 (1st Cir. 2013); Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547 (7th Cir. 2012); Wilson v. Bank of Am., N.A., 48 F. Supp. 3d 787 (E.D. Pa. 2014))). The Anginos contend that the magistrate judge erred by failing to "even discuss" the purportedly dispositive decisions. (Doc. 36 at 14). The Anginos, however, substantively misapprehend the cited cases. These cases do not hold that HAMP and Dodd-Frank create a separate cause of action; indeed, two of the four opinions expressly acknowledge that federal law does not create such a right, see Wigod, 673 F.3d at 559 n.4, 581-85; Wilson, 48 F. Supp. at 809-13, and another declines to rule on the issue, see Young, 717 F.3d at 236 n.10. Instead, the decisions consider whether banks become contractually obligated to offer mortgage modifications to borrowers that separately agree to HAMP trial period plans ("TPP") and fully comply with the TPP's provisions. See Corvello, 728 F.3d at 883-85; Young, 717 F.3d at 231-36; Wigod, 673 F.3d at 559-66 & n.4; Wilson, 48 F. Supp. 811-13. The Anginos do not allege that they ever entered into a TPP with Santander. Hence, the cases highlighted by the Anginos are inapposite.

Anginos should be afforded one final opportunity to amend their pleading to the extent they are able to cure the substantial deficiencies in their FCRA and UTPCPL claims, it is hereby ORDERED that:

1. The Anginos' objections (Doc. 56) are SUSTAINED to the limited extent that the court orders to be STRICKEN the introductory paragraphs of the report (Doc. 35 at 1-2) of Chief Magistrate Judge Carlson. The Anginos' objections (Doc. 56) are otherwise overruled.

2. Chief Magistrate Judge Carlson's report (Doc. 35) is ADOPTED as modified by paragraph 1.

3. Santander's motion (Doc. 14) to dismiss is GRANTED and the Anginos' complaint (Doc. 1) is dismissed as follows:

   a. The Anginos' breach of contract claim (Count I) and intentional infliction of emotional distress claim (Count IV) are DISMISSED with prejudice.

   b. The remainder of the Anginos' complaint (Counts II, III) is DISMISSED without prejudice.

4. The Anginos are granted leave to amend their pleading within twenty (20) days of the date of this order, consistent with paragraph 3 above and the report (Doc. 35) of Chief Magistrate Judge Carlson. In the absence of a timely filed amended complaint, Counts II and III will be dismissed with prejudice and the Clerk of Court will be directed to close this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania